718 P.2d 1195

Thomas P. DOYLE, Claimant-Appellant,

v.

SPANGLER BROTHERS,
INC., Employer,

and

North Pacific Insurance Co., Surety,
Defendants-Respondents.

No. 15598.

Supreme Court of Idaho.

April 16, 1986.

Rehearing Denied May 15, 1986.

Bruce S. Bistline, Boise, for claimant-appellant.

John W. Barrett, Boise, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from the Industrial Commission wherein the claimant, who had suffered an industrial accident, was granted certain benefits and denied others. We *affirm.*

Claimant Doyle had been employed for approximately seven weeks by Spangler Brothers as an auto body repairman. He worked on a commission basis, and his income was approximately $1,000.00 to $1,300.00 per month. While at work on September 3, 1982, Doyle suffered a straining injury to his lower back. Over the following year Doyle was seen by a number of physicians, a psychologist, and rehabilitation counselors. Doyle never returned to work as an auto body repairman nor in any related field. Rather, he began attending college at Boise State University in August 1983, and desires that the surety underwrite the costs of a retraining program which involves a four-year college education.

The cause was heard before a referee whose findings, conclusions and recommendatory decision were adopted by the Industrial Commission. The only significant issues upon the present appeal are whether the decision of the Industrial Commission awarding Doyle a permanent partial impairment rating of two and one-half percent of the whole man is supported by the evidence, and whether the Commission's decision denying Doyle retraining is likewise supported by the evidence. We hold that the decision of the Commission is supported by substantial competent evidence and it is hereby affirmed.

The substantial medical evidence indicated no positive objective orthopedic findings nor any neurologic abnormalities. The evidence indicated no further medical treatment of Doyle was necessary or indicated, and that the case should be closed. It also indicated that there was no objective evidence that a permanent partial impairment rating of two and one-half percent was recommended based on Doyle's subjective complaints of pain. A psychiatrist testified that Doyle does have certain

personality problems, but that they were not worsened as a result of the industrial accident and that Doyle had no psychiatric impairment resulting from the industrial injury. That medical evidence also indicated Doyle's ability to return to work and a recommendation that he do so.

Other evidence before the referee indicated Doyle's ability to return to work at least in a related field to auto body repair, and that Doyle would suffer no income loss as a result of the industrial accident. The referee found that the claimant is motivated toward obtaining a college education and has not sought work in his previous line of work or a related field of work, and that "claimant has not established that he needs retraining in order to restore his earning capacity." Those findings and decisions of the referee-Commission are also sustained by substantial competent evidence and will not be overturned on appeal. *See Bruce v. Clear Springs Trout Farm,* 109 Idaho 311, 707 P.2d 422 (1985); *Horner v. Ponderosa Pine Logging,* 107 Idaho 1111, 695 P.2d 1250 (1985).

We have examined claimant's other assertions of error and find them to be without merit.

The decision of the Industrial Commission is affirmed. Costs to respondents.

BAKES and HUNTLEY, JJ., and WALTERS, J. Pro Tem., concur.

BISTLINE, J., sat, but did not participate.